■ GORDON ROBERTS, Appellant, v. LEHIGH VALLEY RAILROAD COMPANY et al., Respondents.— *Per Curiam*. Appeal from an order and judgment of the Supreme Court, Tompkins County, dismissing appellant's complaint. Involved here is a strip of property located between appellant's property and the eastern shore of Cayuga Lake in the Town of Lansing. In 1872 one Jeremiah Barnes conveyed to the respondent's predecessor, the Cayuga Lake

Railroad Company, a strip some 1,406 feet long and from 2 rods east of the centerline of the railroad to the lake shore. The deed provided that the conveyance was to be "for the purposes of their railroad". Respondent no longer uses the property for railroad purposes, having in fact torn up its rails, and instead since 1960 has leased the premises to appellant's neighbor. Appellant asserts claim to the property on the grounds that since the property is no longer being used for railroad purposes the "restrictive covenant" in the deed effects a forfeiture to his benefit or that in any event since the statute under which the railroad was established (L. 1850, ch. 140, § 28) limited the taking of voluntary grants to a maximum width of 6 rods, 16 feet of lake shore frontage which now exists due to dereliction beyond this 6-rod width is his as the contiguous upland owner. Assuming, however, we were to find that respondent had a defeasible title (see *Corning* v. *Lehigh Val. R. R. Co.*, 14 A D 2d 156) or that the railroad could not acquire beyond a 6-rod width, there is absolutely no proof in the present record on which this appellant could assert a right to enforce such a covenant or which establishes that the increase in land should inure to his benefit. Appellant's reliance on *New York Cent. & Hudson Riv. R. R. Co.* v. *Aldridge* (135 N. Y. 83) is misplaced for, while there the accretion of the shoreline was allowed to an owner lying upland from the intervening railroad, there was present in that case a reservation in the deed to the railroad, which the plaintiff specifically traced as inuring to his benefit, expressly excluding from the grant to the railroad all land lying below the water. This is clearly not the case here. Judgment and order affirmed, without costs. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.